State v. Brinkley

---

STATE OF NORTH CAROLINA v. WILLIAM BRINKLEY

No. 745SC415

(Filed 3 July 1974)

1. Criminal Law § 26; Narcotics § 5— possession and sale of same heroin — two crimes

Defendant was not placed in double jeopardy by his conviction for both possession and sale of the same heroin.

2. Narcotics § 3— purchase of bags of heroin — observation of other
   similar bags

   In a prosecution for possession and sale of heroin, the trial court
   properly allowed the State's witnesses to testify that, at the time they
   purchased two bags of heroin from defendant, they observed other
   small glassine bags with white powder in the pouch from which the
   two purchased bags were taken.

APPEAL by defendant from *Cohoon, Judge,* 26 November
1973 Session of Superior Court held in NEW HANOVER County.

By separate bills of indictment, proper in form, defendant
was charged with (1) unlawful possession of a controlled sub-
stance, "to wit: two (2) dosage units of heroin," and (2)
felonious distribution of the same heroin. The cases were
consolidated for trial and defendant pled not guilty to both
charges. The jury found him guilty in both cases, and from
judgments imposing consecutive prison sentences, defendant
appealed.

*Attorney General Robert Morgan by Associate Attorney
James Wallace, Jr., for the State.*

*Charles E. Rice III for defendant appellant.*

PARKER, Judge.

[1]  Appellant first assigns error to the denial of his motion to
compel the State to elect to try him either on the charge of
possession of heroin or on the charge of sale of heroin. He con-
tends that, the heroin involved in both cases being the same and
the only evidence of possession being that shown when the
distribution took place, denial of his motion subjected him
to double jeopardy and to multiple punishment for the same
offense. Our Supreme Court has held to the contrary in *State v.
Thornton,* 283 N.C. 513, 196 S.E. 2d 701, and *State v. Cameron,*
283 N.C. 191, 195 S.E. 2d 481, and on authority of those de-
cisions appellant's first assignment of error is overruled.

[2]  The only other assignment of error brought forward in
appellant's brief challenges the trial court's action in allowing
the State's witnesses to testify, over defendant's objections and
motions to strike, concerning their observations of certain other
"small glassine bags with white powder," similar to the two
bags which were purchased from defendant, which they saw
at the time of the purchase in a small brown leather pouch in

defendant's possession. The witnesses testified that the two glassine bags containing white powder, later determined to be heroin, which defendant sold, were removed from this same pouch by the defendant immediately prior to the sale. The testimony concerning the pouch and its contents was clearly relevant, and this assignment of error is also overruled.

No error.

Judges HEDRICK and VAUGHN concur.